# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* MICHAEL BRIEN, APPELLANT.

*Larceny and receiving stolen goods — they are distinct offenses and require different evidence to establish their commission.*

Michael Brien engaged one Williams to obtain from one of the public stores certain merchandise and gave him for that purpose forged orders, in form such as were required to obtain its possession. Brien was indicted jointly with Williams for larceny and for receiving stolen property and was tried separately. At the close of the case for the prosecution the recorder ruled out the counts for larceny and submitted the case to the jury under the charge of the indictment against the defendant of receiving property knowing it to be stolen.

On appeal from a judgment of conviction rendered in the court of General Sessions:

*Held,* that, as the appellant was the instigator and had employed Williams to assist him in procuring the goods, and as it was through the agency of Williams and by his use of the forged orders, which he received from the appellant, that possession of the goods was obtained, that both Brien and Williams were principals in the transaction.

That it was, therefore, a taking by both and not a receiving by one.from the other.

That larceny and the crime of receiving stolen goods are separate, distinct and independent offenses, requiring different kinds of proof.

That the judgment should be reversed.

APPEAL by Michael Brien from a judgment rendered against him in the above-entitled action by the court of General Sessions of the Peace, held in and for the city and county of New York on the 21st day of May, 1888, convicting him of the crime of receiving property knowing it to be stolen.

*A Suydam,* for the appellant.

*J. R. Fellows,* for the respondent.

BRADY, J. :

The appellant engaged one Williams to obtain from one of the public stores certain merchandise, and gave him for that purpose forged orders, in form such as were required to obtain its possession. He was indicted jointly with Williams for larceny, and for criminally receiving stolen property, and was tried separately. At the close of the case for the prosecution the learned recorder ruled out the counts for larceny and submitted the charge on those

for receiving property knowing it to be stolen. The appellant was found guilty, and the curious anomaly is presented of the conviction of a man for receiving from himself goods stolen by him. There can be no doubt of the appellant's participation in the crime by which the goods were obtained. He was the instigator — the primary cause, having projected it and having employed Williams to assist him in perfecting it. It was through the agency of Williams, and by his use of the forged orders, which he received from the appel· lant, that possession of the goods was obtained. They were principals, therefore, equally guilty. The major crime was the criminal act by which possession of the goods was obtained from the lawful custodian of them, and this was done by both. It is, therefore, a taking by both, and not a receipt for one from the other. In the more ancient order of procedure, the conviction of the thief necessarily preceded the trial of the receiver, and the offense of the latter necessarily involved two persons, namely, the person who purloined the property, and the person who received it knowing it to have been stolen. If the latter was accessory before or after the fact, he was not a receiver, but a principal. Under the new procedure, it is not necessary to convict the thief before proceeding to try the receiver, but it clearly contemplates the existence of the former.

It is not now necessary to aver nor to prove that the principal who stole the property has been convicted or is amenable to justice — such are the provisions of section 551 of the Penal Code. This materially affects the question here to be passed upon in *limine*, and that is, whether a man can be convicted of feloniously receiving from himself property which he has stolen. The statement of the proposition seems to refute it. Both offenses, and the two persons necessary to accomplish one of them, are united in the same person, if it be otherwise. This may be the outcome of modern science in the administration of criminal law, but it seems to be at war not only with principle and doctrine, but impossible without creating a new fiction by which the wrongful taker of the property shall be presumed to be evolved from the receiver and separately existing. Larceny and the crime of receiving stolen goods are separate, distinct and independent, requiring different kinds of proof. The receiver may be convicted, although he was in no way

connected with the original taking. It is enough that he knew of it when he received the property. The attempt, therefore, to sustain this conviction is by insisting that Williams was the thief. The learned district attorney in his brief says : " That Williams was the thief cannot be disputed, and that he perpetrated the larceny *alone* is uncontradicted." He is driven to this attitude, but it is wholly untenable. The conception of the crime, according to the record, was by the appellant, and Williams was only an accessory in point of fact. The appellant was a principal. Section 29 of the Penal Code sets all doubt of that at rest. " A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who, directly or indirectly, counsels, commands, induces or procures another to commit a crime is a principal." It is conceded that Williams was the thief, as we have seen, and the law thus places the appellant side by side with him. The learned recorder charged the jury that if the appellant employed Williams to steal the property, and Williams, in pursuance of that employment, furnished the truck, received the stolen property and placed it on the truck, he was acting as the agent of the appellant. This charge proceeds upon the same erroneous theory. The property was not stolen by the persons from whom it was received, and could not be received as stolen property unless, which has never been held in this country, the felonious taking constituted, *eo instanti,* a felonious receiving, and made two offenses out of one act, each apparently inconsistent with the other. It is quite apparent that the errors complained of sprung from the assumption that Williams was the only thief, and this foundation made the whole superstructure false.

The judgment must be reversed, and new trial had.

VAN BRUNT, P. J., concurred; DANIELS, J., concurred in the result.