## Supreme Court—Appellate Division—First Department.

April 7, 1899.

## PEOPLE v. JOSEPH RIVELLO.

1. CRIMINAL LAW — RECEIVING STOLEN PROPERTY.

Though larceny and crime of receiving stolen goods are separate, distinct and independent, requiring different kinds of proof, a man can be guilty of the crime of receiving stolen goods from the fact that he has in his possession goods which he himself has stolen.

2. SAME — PRINCIPAL.

Since by the Penal Code the distinction between accessories and principals has been abolished, the rule does not obtain in respect to every person who may be convicted of the crime of larceny.

3. SAME.

The fact that, under the Penal Code, by aiding and abetting the crime of larceny he became a principal, in no way brings such an accessory within the principle of the rule that a person taking goods feloniously cannot receive them from himself with a felonious intent. This rule, however, in no respect applies to an individual who was not present at the commission of the crime. Although he is guilty of the principal offense, yet, receiving the goods from the actual thief, knowing their origin, he is subject to the penalty for receiving stolen goods.

APPEAL from a judgment of conviction for receiving stolen goods.

W. Doll, for appellant.

C. E. La Barber, for the people.

VAN BRUNT, P. J.—It is urged that there was error in this conviction, upon the ground that, if the defendant was guilty of any crime, it was that of larceny ; and it is claimed that larceny and the crime of receiving stolen goods are separate, distinct, and independent, requiring different kinds of proof, and that a man cannot be guilty of the crime of receiving stolen goods because he has in his possession the goods which he himself has stolen. Prior to the time of the obliteration of the distinction, in the definition of crime, between accessories and principals, undoubtedly the general rule of law above stated was entirely

correct. But since, by the Penal Code, the distinction between accessories and principals has been abolished, the rule does not obtain in respect to every person who may be convicted of the crime of larceny. Under the common law, in order that a person might be convicted of larceny, he must be directly concerned in the commission of the crime, or must aid in its actual commission; and a person could not be convicted of larceny who was absent at the time of the commission of the offense, although he might be an accessory before or after the fact. Section 29 of the Penal Code has changed this rule. It reads as follows :

" A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal."

On the trial, one Loewenthal, who had been in the employ of one Isaac Paschner, a cap manufacturer, testified that it had been arranged between him and the defendant, who had the privilege of removing the waste paper and rags from Paschner's place of business, that he (Loewenthal) was to take Paschner's goods, consisting of silks and satins, from the office floor, where they were kept, and put them into a box on the next floor, wherefrom the defendant took the rubbish, so that he could take the goods with the rubbish, and that the defendant in this way had received divers pieces of goods, and Loewenthal had received money from the defendant on account thereof. It further appears from the evidence that there were found upon the defendant's premises certain silks which had been concealed in this waste-paper box, and had been thus removed from Paschner's premises by this defendant's servants. Upon this state of facts, the defendant was convicted. It is undoubtedly true that under this evidence the defendant, under the Penal Code, might have been convicted of larceny. Under the common law, he would have been an accessory before and after the fact. The moment that Lowenthal took the goods of Paschner for the purpose of transportation to the place of concealment, the larceny was complete,—he having taken possession of them

with a felonious intent,—even although they were not then re. moved from the owner's premises. A person receiving these goods, knowing that they had been taken by Loewenthal with this felonious intent, would be guilty of receiving stolen goods with knowledge of the fact that they were stolen, and hence could be convicted of that crime. The fact that, under the Code, by aiding and abetting the crime of larceny he became a principal, in no way brought such an accessory within the principle of the rule that a person taking goods feloniously cannot receive them from himself with a felonious intent. This rule, however, in no respect applies to an individual who was not present at the commission of the crime. Although, under the Code, he was guilty of the principal offense, yet, receiving the goods from the actual thief, knowing their origin, he is subject to the penalty for receiving stolen goods.

It is claimed, however, that there is no corroboration of the evidence of Loewenthal. It seems to us that the circumstances under which the silk was removed from the store of Paschner and found upon the premises of the defendant were strong corroboration of very material facts relating to the crime charged against the defendant. Unless some arrangement of the kind testified to had been made between Lowenthal and the defendant, it seems to be inexplicable that Loewenthal should have adopted this means of removing the goods from Paschner's store, since, in the absence of some such arrangement, it would have inevitably led to detection. And, further, the testimony (which, it is true, was contradicted, but which might have been believed by the jury) as to the conduct of the defendant's workmen in reference to these goods when discovered indicated that it was not the first occasion upon which such an unusual occurrence had taken place, and showed that it was understood.

There does not seem to have been any error in the admission in evidence of the first two pieces of silk found, as it was proper for the purpose of showing the circumstances under which the silk got into the possession of the defendant, and characterized the arrangement between Loewenthal and himself.

The judgment should be affirmed.

All concur.