PEOPLE v. POLLAK.

(Supreme Court, Appellate Division, Second Department.　January 24, 1913.)

1. RECEIVING STOLEN GOODS (§ 2*) — LARCENY BY CHILDREN — "LARCENY"
—"RECEIVING STOLEN GOODS"—"JUVENILE DELINQUENCY."

Under Penal Law (Consol. Laws 1909, c. 40) § 1308, punishing one
receiving stolen property knowing the same to have been stolen, and
section 1309 making it unnecessary to aver in the indictment or prove
that the person who stole the property had been convicted or was ame-
nable to justice, and section 1290, defining larceny as the taking from the
possession of the owner or any other person any property with intent to
defraud the true owner, and section 2186 providing that a child between
the ages of 7 and 16 years of age who shall commit any act, which, if
committed by an adult, would be a crime, shall be deemed guilty of
juvenile delinquency only, one receiving goods from a child under 16 years
of age who appropriated the same in a manner to constitute larceny if
appropriated by one over the age of 16 years, with knowledge of the
wrongful act of the child, is guilty of receiving stolen goods.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 4;
Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003;
vol. 7, p. 5997.]

2. INDICTMENT AND INFORMATION (§ 191½*)—OFFENSES INCLUDED.

The crimes of larceny and receiving stolen goods are separate and
distinct, and one indicted for criminally receiving stolen goods may not
be convicted on proof showing that he was a principal in the larceny
itself.

[Ed. Note.—For other cases, see Indictment and Information, Dec.
Dig. § 191½.*]

3. RECEIVING STOLEN GOODS (§ 2*)—ACTS CONSTITUTING.

One inciting boys under 16 years of age to a vicious course of general
conduct, and holding himself out to them as willing to purchase any silk
which they may procure in any manner, is not a principal in a specific
larceny by the boys of silk, so as to destroy the character of his act as
a criminal receiver of the stolen silk.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. §
4; Dec. Dig. § 2.*]

Appeal from Orange County Court.

Lewis Pollak was convicted of criminally receiving stolen goods,
and from a judgment of conviction and from an order entered in the
clerk's office on the day of the conviction denying a new trial he ap-
peals.　Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

Henry Hirschberg, of New York City, for appellant.

J. D. Wilson, Jr., Asst. Dist. Atty., of Newburgh (Thomas C. Rog-
ers, Dist. Atty., of Middletown, on the brief), for the People.

CARR, J.　The defendant was convicted by the County Court of
Orange county of the crime of criminally receiving stolen goods.　He
was sentenced to an indeterminate term of imprisonment in Elmira
Reformatory, and on a certificate of reasonable doubt he was admitted
to bail in the sum of $2,500 pending the hearing and determination of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the appeal. From such judgment of conviction he has appealed to this court.

It appeared on the trial that the goods which he had received had been taken unlawfully, and under circumstances which would generally constitute a larceny, from the silk mill of Harrison & Gore at Newburgh by two boys who were about the age of 15 years.

[1] The defendant's counsel, at the close of the people's evidence and again at the close of the whole case, moved for the dismissal of the indictment against his client and for his discharge, on the specific ground that the boys who took the property in question were under the age of 16 years, and hence that their act did not constitute a crime, and that, therefore, the defendant could not have been guilty of receiving stolen goods. The offense for which the defendant was indicted and tried is defined in section 1308 of the Penal Law (Consol. Laws 1909, c. 40) as follows:

"Sec. 1308. Buying or receiving stolen or wrongfully acquired property.

"A person, who buys or receives any stolen property, or any property which has been wrongfully appropriated in such a manner as to constitute larceny according to this article, knowing the same to have been stolen or so dealt with, or who corruptly, for any money, property, reward, or promise or agreement for the same, conceals, withholds, or aids in concealing or withholding any property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute larceny under the provisions of this article, if such misappropriation has been committed within the state, whether such property were so stolen or misappropriated within or without the state, * * * is guilty of criminally receiving such property, and is punishable, by imprisonment, in a state prison for not more than five years, or in a county jail for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment."

This section of the Penal Law appears in article 122 thereof. Section 1290, likewise appearing in article 122, defines generally the offense of larceny, as follows:

"Larceny defined. A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:

"1. Takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind; or,

"2. Having in his possession, custody, or control, as a bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association, or corporation, or as a public officer, or as a person authorized by agreement, or by competent authority, to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof,

"Steals such property, and is guilty of larceny.

"Hereafter it shall not be a defense to a prosecution for larceny, or for an attempt or for conspiracy to commit the same, or for being accessory thereto, that the purpose for which the owner was induced by color or aid of fraudulent or false representation or pretense, or of any false token or writing, to part with his property or the possession thereof was illegal, immoral or unworthy."

Had these two boys who took the property in question been over the age of 16 years, they should have been guilty of larceny as defined in section 1290 as aforesaid. In article 196 of the Code there is a section numbered 2186, which is entitled, "Sentence of minors to imprisonment." This section provides in part as follows:

"A child of more than seven and less than sixteen years of age, who shall commit any act or omission which, if committed by an adult, would be a crime not punishable by death or life imprisonment, shall not be deemed guilty of any crime, but of juvenile delinquency only, but any other person concerned therein, whether as principal or accessory shall be punishable as a principal or accessory in the same manner as if such child were over sixteen years of age at the time the crime was committed."

The strict question involved in this appeal is whether the crime of receiving stolen goods as defined in section 1308 of the Penal Code can be committed, unless the person or persons who unlawfully took away the goods from the true owner was or were guilty of the commission of the crime of larceny under the provisions of the Penal Law.

As before stated, the crime of receiving stolen goods is defined by section 1308 of the statute. Section 1309 provides as follows:

"It is not necessary to aver, in an indictment for an offense specified in the last section, nor to prove upon the trial thereof, that the principal who stole the property has been convicted, or is amenable to justice."

This section, as well as all the other sections of the Penal Law under consideration herein, were but re-enactments of the provisions of the former Penal Code, as amended, save that section 2186 of the Penal Law assumed its present form by an amendment made to it by chapter 478 of the Laws of 1909, which took effect September 1, 1909. Before this amendment of 1909, section 2186 of the Penal Law provided that:

"The commission by a child under the age of sixteen years, of a crime, not capital or punishable by life imprisonment, which if committed by an adult would be a felony, renders such child guilty of a misdemeanor only, but any other person concerned therein, whether as principal or accessory, who otherwise would be punishable as a principal in the felony, shall be punishable as a principal in the same manner as if such child were over sixteen years of age at the time the crime was committed." Re-enacted from section 699 of the Penal Code.

As the statute stood before the amendment of 1909, the taking of the goods by these boys would have constituted the statutory crime of larceny in the grade of a misdemeanor, and a subsequent receiving of such goods, knowing them to have been stolen, would clearly constitute the crime of criminally receiving stolen goods. How far has such situation been changed by the amendment of 1909? As the defendant was not indicted nor convicted as a principal or accessory in the unlawful taking, we shall leave that subject out of the inquiry for the time being. The amendment to the statute was devised and enacted in the progress of a philanthropic and humanitarian purpose for the protection of young children from the consequences of acts which are deemed in such children, not innocent, but less harmful than in those of greater age, and the common punishments of which were believed

139 N.Y.S.—53

to be destructive of a chance for reform and a better life thereafter. Thus the amendment to the law was intended, apparently, for the benefit of the child alone, and not for that of any other person. The act of the child was made to fall below the degree of a statutory crime so far as he alone was concerned, but it did not cease to be an offense of which the criminal law would take cognizance. Such act was made the subject of a new classification, in which it became known as "juvenile delinquency," and this offense, though excluded expressly from the degree of statutory crime, was in its nature quasi criminal, whatever words were used to characterize it. It would seem, therefore, that unless section 1308, which defines the crime of criminally receiving stolen goods, implies necessarily that the goods should have been taken originally under circumstances which rendered the taker guilty of the crime of larceny, the receiver may be guilty of violation of said section though the original takers were under the age of 16 years.

In England it has been held that one could not be convicted of criminally receiving stolen goods where the goods had been taken from a husband by an adulterous, but undivorced, wife, and given to her paramour. Regina v. Kenny, 13 Cox C. C. 397. The expressed ground of this decision was that at common law, because of the legal fiction of the unity of person of husband and wife, the wife could not be guilty of stealing the husband's goods, and that, when the goods had been received by the defendant, they had not been stolen within the meaning of the penal statute. Under the English statute, the crime of receiving stolen goods was defined as arising under circumstances in which the original stealing or taking or disposing amounted to a felony or a misdemeanor on the part of the original taker. Larceny Act of 1861, §§ 91, 95; 2 Russell on Crimes (7th Ed.) 1465 et seq. Our statute (section 1308, Penal Law) refers expressly to "stolen property, or any property which has been wrongfully appropriated in such manner as to constitute larceny according to this article," and again, in the same section, it refers to "any property, * * * stolen, or appropriated wrongfully in such a manner as to constitute larceny under the provisions of this article" (i. e., article 122), "if such misappropriation has been committed within the state, whether such property were so stolen or misappropriated within or without the state."

It is argued that property cannot become "stolen property" within the meaning of this section unless some one "steals" it. Then it is further argued that, as the statute makes stealing generally constitute the crime of larceny, there can be no stealing unless it be a larceny, and thus where there is no specific statutory larceny there is no "stealing," and nothing "stolen." The argument is ingenious, but is it sound? This point has not been the subject of any prior precedent in this state. The English authority above cited held that a wife could not steal from her husband because he and she were united in person by fiction of law. For such an act she could not be proceeded against criminally or quasi criminally. Such is not the situation here. There was no unity of person between the true owner and the boys who took away the property and from whom the defendant had received it criminally. According to the provisions of article 122 of the Penal Law, their act

would have constituted a larceny, were it not for the provisions of section 2186 of said statute as amended in 1909. This latter section did not change the act from a stealing into an innocent act. It simply converted an act which was formerly a crime into an offense which, as to them alone, was classified as to name and penalty as "juvenile delinquency," but it did not render the property which they had taken any the less "stolen property" within the meaning of section 1308 of the statute. In other words, where the culprit is under the age of 16 years, his stealing does not become a larceny, but it, likewise, does not change .its essential character and cease to be a stealing. The only result is that in such a case stealing constitutes an act of "juvenile delinquency," and not a statutory crime. In a proceeding against such a person for "juvenile delinquency" under such circumstances, it would seem necessary to give the same proofs as if he were proceeded against for a crime. The statute was not intended to make such culprits wholly irresponsible for such acts, as are children under seven years of age, or lunatics and idiots. Penal Law, §§ 816, 1120. Responsibility was preserved, but the ·name of the offense and the character and method of penalty were changed.

[2] It is contended, further, by the appellant that, under the proofs taken at the trial, his offense, if any, was not of having received criminally stolen goods, but of being a principal in the original wrongful taking, and hence a principal in the crime of larceny. The crimes of larceny and of criminally receiving stolen goods are separate and distinct crimes. Under an indictment for criminally receiving stolen goods, a defendant may not be convicted on proofs which establish that he was a principal in the larceny itself, and a conviction so obtained should be reversed. People v. Brien, 53 Hun, 496, 635, 6 N. Y. Supp. 198.

[3] In the case at bar the record does not establish that the defendant was present at, or incited, abetted, or counseled the commission of any specific crime. His conduct with these boys was in the nature of an incitement to a vicious course of general conduct on their part, but the fact that he held himself out to them as willing to purchase any silk which they might get, however they got it, did not so clearly make him such a principal in a specific crime as to destroy the character of his act as a criminal receiver of stolen property, as was the case in People v. Brien, ut supra, where a specific act of larceny was designed, counseled, and directly abetted by the alleged receiver.

I recommend that the judgment of conviction be affirmed. All concur.