PEOPLE v. WILLETT. SAME v. CASSIDY. SAME v. WALTER.

(Supreme Court, Appellate Division, Second Department. October 8, 1914.)

1. CRIMINAL LAW (§ 1073*)—CONVICTION—CERTIFICATE OF REASONABLE DOUBT —EFFECT.

A certificate of reasonable doubt does not give the right of appeal to a person convicted of a felony, but only stays execution of the judgment pending appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

2. CRIMINAL LAW (§ 1073*) — CONVICTION — CERTIFICATE OF REASONABLE DOUBT.

Where defendants were convicted for violating the Election Law (Consol. Laws, c. 17), a statute which had never been previously construed by the appellate court, a certificate of reasonable doubt would be granted to stay the execution of the sentence pending an appeal to the Court of Appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

3. CRIMINAL LAW (§ 1073*)—CONVICTION—CERTIFICATE OF REASONABLE DOUBT —APPLICATION.

Where, pending an application for a certificate of reasonable doubt, the Special Term forfeited defendant's bail, it would be presumed that he was voluntarily absent, for which reason his application would be denied, without prejudice to a renewal thereof on his returning and submitting to the law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

William Willett, Joseph Cassidy, and Louis F. Walter, Jr., were convicted of violating the Election Law, and apply for certificates of reasonable doubt. Granted in the cases against Willett and Cassidy, and denied without prejudice in the case of Walter.

See, also, 149 N. Y. Supp. 348, 358, 365.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER 'n Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. Robert H. Elder, of New York City, for appellants Willett and Cassidy.

Robert M. Moore, of New York City, for appellant Walter.

James C. Cropsey, Dist. Atty., of Brooklyn, for the People.

JENKS, P. J.  In the cases of Willett and Cassidy, respectively, the stays were vacated on consent.  The men were surrendered and are now in jail.  The foundation of the prosecution is a statute of comparatively recent enactment.  This statute, so far as I know or am advised, has never been construed nor interpreted by any appellate court save in these cases.  Our decision, then, is one of first impression.  A considerable part of the printed briefs is devoted to the discussion of the application of the statute.  The point was argued orally at length, and the opinion of the court for affirmance, by BURR, J., contains extensive discussion of it.  I do not overstate when I say that this statute is the crux of the cases.

[1] Our decision upon this statute may not be a final determination, because the defendants are assured by the statutes of the state of the right of appeal to the Court of Appeals.  If, then, the defendants can take their cases to that court, I think that before they are sent to serve sentences for a violation of this statute the highest court of the state should determine whether the doings of the defendants were within the purview of this statute.  A certificate of reasonable doubt, then, does not afford any right of appeal, for that exists; the certificate, until vacated, but stays the execution of the judgment until the Court of Appeals shall have heard the cases.

[2] I think that it is better to halt the execution, until it is settled whether the convictions should stand under the law, than to permit the execution which may hereafter be pronounced as unwarranted by the law; for in the former case the law is sure, and the final judgment follows the law, and in the latter case a judgment might go to execution without the law, and, if so, the defendants theretofore taken in execution be without redress.

I am not without precedents.  In People v. Pollack, 154 App. Div. 716, 139 N. Y. Supp. 831, and in People v. Shears, 158 App. Div. 577, 143 N. Y. Supp. 861, my Brother CARR, who wrote for affirmance of the judgments of conviction, nevertheless granted certificates in order that the Court of Appeals might pass upon the respective statutes involved in those cases.  I shall grant the certificates in the cases of Willett and of Cassidy.  While the responsibility rests with a judge, and not the court of which he is a member, I am in a position to say that all of my Associates who sat with me in these cases are of opinion that such a certificate should issue.

The incidental delay in the interest of certainty of the law need be but negligible, for section 529 of the Code of Criminal Procedure in part provides that, if the appeal to the Court of Appeals shall not be brought on for argument by the defendant when the Court of Appeals shall have been in actual session for 15 days after the granting of such certificate, the district attorney on 2 days' notice to the defendant may apply to the justice who granted the certificate, or to any judge of the Court of Appeals, for an order vacating the certificate, and upon the

entry of such an order the judgment shall be executed as though a certificate had never been granted to the defendant. Thus, if there be any unwarranted delay, the remedy is at hand.

[3] The case of Walter must be considered separately. I am apprised that the Special Term has forfeited the undertaking of his bail. Perforce of this order, I must consider that he is voluntarily absent. I think that I should not consider his application until he "returns and submits to the law." Bishop's New Criminal Procedure, vol. 1, § 269, 3. When he is before the court, and not absent, then I will pass upon an application for a certificate in his case. The justice who granted the stay pending this application was authorized to stay execution of the judgment against Walter until the determination of the application. People ex rel. Hummel v. Reardon, 186 N. Y. 164, 78 N. E. 860. That stay was not vacated. But I am not at all convinced, to say the least, that the proceedings in forfeiture were in violation of the terms of the stay. Evidently the opinion of the learned justice who sat at Special Term was that the application for forfeiture did not attempt any violation.

Section 555 of the Code of Criminal Procedure provides that the defendants may be admitted to bail as a matter of discretion. If agreeable to all parties, I will hear an application on behalf of the defendants Willett and Cassidy on Friday, October 9, 1914, at any hour between 9 and 11 that may be determined by counsel and by the district attorney.

The motion for the certificates in the case of Willett and of Cassidy is granted, and the motion for a certificate in the case of Walter is denied, and the stay vacated, without prejudice to a renewal of this motion for a certificate in case he returns, submits to the law, and can then be heard. All concur.