[Criminal No. 485.   Filed April 28, 1920.]

[189 Pac. 433.]

ESPERANZA · LEON, Appellant, v. STATE, Respondent.

1. RECEIVING STOLEN GOODS—DEFENDANT GUILTY, THOUGH SHE INDUCED COMMISSION OF LARCENY, AND MIGHT HAVE BEEN CONVICTED THEREFOR.—Defendant, who induced another to steal money and bring it to her, was guilty of receiving stolen property, though she might have been convicted of the larceny.

2. CRIMINAL LAW—THIEF NOT "ACCOMPLICE" OF PERSON RECEIVING STOLEN GOODS.—A person whom defendant induced to steal money and bring it to defendant was not an "accomplice," whose testimony required corroboration, under Penal Code of 1913, section 1051, on a trial for receiving stolen property, as the test is whether the witness could have been indicted for the offense as principal or accessory.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Affirmed.

Mr. Frank J. Barry, Mr. S. F. Noon and Mr. Warren Lee Kinder, for Appellant.

---

2. For authorities on point as to receiver of stolen goods being accessory or accomplice of thief, see note in 20 Ann. Cas. 594.

Mr. Wiley E. Jones, Attorney General, Mr. Louis B. Whitney and Mr. F. J. K. McBride, Assistant Attorneys General, and Mr. Leslie C. Hardy, County Attorney, for the State.

BAKER, J.—The defendant was convicted of the crime of receiving stolen goods, knowing them to have been stolen. Penal Code, par. 493. The specific charge in the information was the felonious receiving of $3,200, the same being the property of one Dolores De Valenzuela.

It appears, from the evidence adduced at the trial on the part of the prosecution, that on or about March 17, 1919, the defendant moved into a house belonging to the said Dolores De Valenzuela, and that the latter lived in an adjoining house in the same yard, together with her granddaughter, Rosa Rabago. The granddaughter was the sole witness testifying to the commission of the alleged crime, and she testifies that the defendant, soon after moving into the adjoining house, told her to look for money in her grandmother's house, and not to quit looking for it, and, if she found any, to bring it to her (the defendant), so that she could keep it at her house, in case the granddaughter was run out of her grandmother's house. The granddaughter further testified that the matter of searching for the money was talked over on numerous occasions by her and the defendant, and that, acting on the advice and suggestion of the defendant, she looked for the money on different occasions and in various places, and finally, on June 24, 1919, she found the money in two wallets in a bed in her grandmother's house, and that she immediately took the money and carried it to the defendant to keep for her. The grandmother, the owner of the money, testified that she had $3,200 in paper money in two wallets in a pillow on her bed; that she last saw the money in the latter part of June, 1919,

and that when she looked in the pillow in the month of August, 1919, she found the money was gone; and that she asked her granddaughter about the matter, and the latter confessed at once that she had taken the money and had given it to the defendant. No evidence was introduced on the part of the defendant. She did not take the stand in her own behalf.

Counsel for the defendant insist that there was a variance between the allegations in the information and the proof. The argument is made that, admitting the testimony of the girl, Rosa Rabago, to be true, it shows that the defendant was guilty of larceny, and not of receiving stolen property; that larceny and receiving stolen goods, knowing the same to have been stolen, are two separate and distinct offenses; and that the defendant could not be charged with one offense, and convicted upon evidence establishing another. The rule seems to be well settled that, where a larceny has been committed, the principal thief—that is, the one who is guilty of the actual caption and asportation of the property—cannot be adjudged guilty of criminally receiving the thing stolen, for the reason that he cannot receive from himself. 2 Bishop on New Criminal Law, par. 1140; *People* v. *Brien,* 53 Hun, 496, 635, 6 N. Y. Supp. 198; *Territory* v. *Graves,* 17 N. M. 241, 125 Pac. 604. But the reason for the rule disappears where the receiving of the stolen property is not embraced in the caption and asportation.

This distinction is illustrated in *People* v. *Rivello,* 39 App. Div. 454, 57 N. Y. Supp. 420, a case arising under a statute similar to ours, making accessories before the fact principals in the crime. The New York Penal Code provides as follows:

"A person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and a person who directly

or indirectly counsels, commands, induces or procures another to commit a crime, is a principal." Section 29.

In the case above cited it appeared, on the trial of the defendant for receiving stolen goods, that one L., who had been in the employ of one P., a cap manufacturer, testified that it had been arranged between him and the defendant, who had the privilege of removing the waste paper and rags from P.'s place of business, that he (L.) was to take P.'s goods, consisting of silks and satins, from the office floor, where they were kept, and put them in a box on the next floor, wherefrom the defendant took the rubbish, and that defendant in this way had received divers pieces of goods, and L. had received money from the defendant on account thereof. It was held that while, under the provisions of the Code above quoted, the defendant could be convicted of larceny, yet this did not bar a prosecution for receiving stolen goods, for the reason that the moment L. took the goods of P. for the purpose of transportation to the place of concealment the larceny was complete, and therefore a person receiving the goods, knowing they had been taken with felonious intent, would be guilty of receiving stolen goods.

The California Penal Code provides as follows:

"All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed." Section 31.

In *People* v. *Day,* 30 Cal. App. 762, 159 Pac. 457, the Supreme Court said:

"Even if the evidence warranted and would have supported a charge of burglary upon the theory that the defendant was an accessory thereto, nevertheless

it . . . shows that the defendant subsequently received the fruits of the burglary from the actual perpetrator thereof, knowing them to be stolen; that as a consequence he was guilty of receiving stolen goods; that therefore he cannot be heard to complain that the people elected to charge him with the latter offense rather than with the former.''

In *People* v. *Feinberg,* 237 Ill. 348, 86 N. E. 584, it was held that, when the proof shows that a defendant, indicted for receiving stolen goods, was also an accessory before the fact, but was not present at the actual conversion of the goods by the thief, the defendant could be held for receiving stolen goods; the offense of larceny being so distinct from that of receiving stolen goods that one cannot merge into the other, nor the defendant's conviction of the one prevent a conviction of the other. A like ruling was made in *People* v. *Thompson,* 274 Ill. 214, 113 N. E. 322. See also, *Delahoyde* v. *People,* 212 Ill. 454, 72 N. E. 732.

Mr. Wharton, in his work on Criminal Law (volume 2, eleventh edition, paragraph 1232), lays down what we believe is the correct rule upon the subject:

''As an elementary principle, if larceny by the defendant be proved, though the offender appear only to be a principal in the second degree, the charge of receiving falls, because the offenses are substantially distinct, and because there can be no guilty reception unless there be a prior stealing by another. But this reasoning fails, when on an indictment for receiving, proof transpires to show that the defendant was also an accessory before the fact. The offenses are so distinct that one cannot be said to merge in the other, nor is conviction of the one in any way incompatible with conviction of the other. Hence, in defiance of such testimony the defendant, if there be sufficient evidence of guilty receiving, may be convicted of such receiving.''

The facts of the present case distinguish it from several of the cases cited by counsel for the defend-

ant. For instance, in the Brien case, the act of the defendant was a part of the larceny, and necessary to its consummation, he having directly aided and abetted the thief by furnishing him with a forged order, by means of which possession of the goods was obtained; and in the Graves case the evidence tends to show the defendant was the original thief. Here the larceny was complete when the money was removed by the witness Rosa Rabago from the place where her grandmother had placed it. The defendant had no part in the caption and asportation. Her subsequent act of receiving the money, knowing it was stolen, made her guilty of criminally receiving. We do not think there was a variance.

Counsel for the defendant insist that the witness Rosa Rabago was an accomplice, and that her testimony was uncorroborated, and therefore the conviction cannot stand. Pen. Code, § 1051. It may be conceded that Rosa Rabago was the only witness testifying to the commission of the crime charged, but we do not believe that she was an accomplice. The general test to determine whether a witness is or is not an accomplice is: Could he himself have been indicted for the offense, either as principal or as accessory? If he could not, then he is not an accomplice. 16 C. J. 671. Rosa Rabago could not receive the money from herself, she having stolen it; therefore she could not be convicted of receiving the stolen money. A person who steals property and one who afterwards receives it from him, knowing it to have been stolen, are guilty of separate offenses, and, without more, neither is an accomplice of the other. *State* v. *Gordon,* 105 Minn. 217, 15 Ann. Cas. 897, 117 N. W. 483; *Mayes* v. *State,* 11 Okl. Cr. 61, 142 Pac. 1049; *Springer* v. *State,* 102 Ga. 447, 30 S. E. 971; *Miller* v. *State,* 165 Ind. 566, 76 N. E. 245; *State* v. *Kuhlman,* 152 Mo. 100, 75 Am. St. Rep. 438, 53 S. W. 416. The authorities, however, are not in accord as

to whether the thief is or is not an accomplice of the one criminally receiving the stolen goods, within the rule that the testimony of an accomplice must be corroborated. *Moynahan* v. *People,* 63 Colo. 433, 167 Pac. 1175; *People* v. *Kraker,* 72 Cal. 459, 1 Am. St. Rep. 65, 14 Pac. 196; *People* v. *Kudon,* 173 App. Div. 342, 158 N. Y. Supp. 817.

We frankly confess that the argument embraced in the well-prepared brief of counsel for the defendant upon both of the points discussed in.this opinion has caused us, at times, to waver in our judgment; but we believe, after much reflection, that the conclusions reached are in accord with the best interests of the law-abiding public and the orderly administration of justice, and do not deprive the defendant of any legal rights.

Finding no reversible error in the record, the judgment is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.