THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN ROMANELLI, Appellant.

Second Department, July 22, 1921.

Crimes — grand larceny — conspiracy between bailee and third person to sell property — defendant by procuring purchaser and participating in delivery became co-conspirator — larceny not complete until sale actually made — defendant not guilty of receiving stolen property.

On a prosecution for grand larceny in the first degree it appeared that a truckman and a third person entered into a conspiracy to divert certain drums of wood alcohol from shipment and to sell the same; that the alcohol was stored in the truckman's garage awaiting a purchaser from the conspirators; that thereafter the defendant agreed to and did secure a purchaser for the alcohol; that the drums of alcohol were taken to

defendant's garage, the alcohol siphoned from the drums, and water substituted in its place.

*Held,* that the larceny was not complete until bulk had been broken, that is, the drums pierced and the contents siphoned into the barrels furnished by the purchaser, and in that act defendant participated and became a co-conspirator and guilty of the crime of larceny, as if he had originally planned the theft.

Until the alcohol was taken from the drums there was no actual conversion of the property sufficient to constitute larceny; a mere unexecuted contract by a bailee for the sale of property, or an offer of sale, does not constitute such a conversion.

The facts would not warrant the conviction of the defendant of the crime of receiving stolen property.

APPEAL by the defendant, John Romanelli, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 26th day of November, 1920, convicting him of the crime of grand larceny in the first degree.

*Luke D. Stapleton* [*Isaac V. Schavrien* with him on the brief], for the appellant.

*Harry G. Anderson,* Assistant District Attorney [*Harry E. Lewis,* District Attorney, and *Ralph E. Hemstreet,* Assistant District Attorney, with him on the brief], for the respondent.

RICH, J.:

On the 9th day of December, 1919, ten drums of wood alcohol, the property of the Delta Chemical Company of Wells, Mich., were delivered to one Woller, a truckman, for transfer to a steamship, and pending the arrival of the ship at the port of New York they were stored in his garage. It seems that Woller and one D'Ambrosio, another truckman, who stored his truck in Woller's garage, had entered into a conspiracy to steal the first consignment of alcohol he should receive for shipment. D'Ambrosio was informed of the receipt of the alcohol and commissioned by Woller to find a purchaser for it. The following evening D'Ambrosio appeared at the coffee house conducted by one Telesi and located at No. 285 Third avenue in the borough of Brooklyn and displayed a sample of the alcohol and offered it for sale.

At the coffee house that evening, D'Ambrosio met the defendant Romanelli, who engaged to procure a purchaser for the alcohol. The defendant was successful in his part of the

enterprise and procured a purchaser in the person of one Lizenziata, who on December 18, 1919, at defendant's shop, agreed to purchase the alcohol and paid a deposit of $2,000 to defendant. The defendant thereupon informed D'Ambrosio that a purchaser had been procured. On the following morning when D'Ambrosio arrived at Woller's garage for the purpose of having the alcohol delivered, he discovered that it had been sent to New York for shipment, Woller having by that time despaired of obtaining a purchaser, and he thereupon proceeded to New York, intercepted the alcohol and caused it to be returned to Woller's garage, from which it was removed to defendant's garage on December 20, 1919, where the alcohol was siphoned from the drums, and water substituted in its place. There is satisfactory evidence that the defendant assisted in the operation and that the purchase price of $23,500 was paid to him.

It is urged by the appellant that an appropriation of the alcohol was consummated when Woller with D'Ambrosio on December 10, 1919, agreed to steal it, all of which occurred before defendant was known in the transaction, and in any event, if the wrongful appropriation was not earlier consummated, the property was misappropriated when it was diverted from its lawful course. In other words, that the defendant should not have been convicted of grand larceny, but, if anything, of receiving stolen property.

The fallacy in this reasoning lies in the fact that the larceny was not complete at the time the drums were diverted from the steamship pier. The faithless bailee, Woller, could have recanted at any time prior to the actual sale of the alcohol. A mere unexecuted contract by a bailee for the sale of the property, or an offer of sale, does not constitute a conversion. The conversion must be actual to constitute larceny. (*Regina v. Brooks,* 8 C. & P. 295; 34 E. C. L. 743; *Anonymous,* 1 Ohio Dec. 279; 6 West. L. J. 566.) It follows that the larceny was not complete until bulk had been broken, viz., the drums pierced and the contents siphoned into the barrels furnished by the purchaser In this, as I have said, there is evidence that the defendant participated, and by that participation he became a co-conspirator as though he had originally planned the theft with Woller and D'Ambrosio.

While the authorities are not agreed as to whether one who assists in the commission of a larceny, although not guilty of the actual taking and carrying away, can be convicted of receiving the stolen property, the facts in the instant case would not warrant such a conviction.

Some cases hold that one who assists in the larceny and who could be convicted as a principal, although not guilty of the actual taking, cannot be guilty of receiving the stolen property. (*Regina* v. *Kelly*, 2 C. & K. 379; 61 E. C. L. 378; *Regina* v. *Perkins*, 5 Cox C. C. 554; *State* v. *Honig*, 9 Mo. App. 298; affd., 78 Mo. 249; *People* v. *Brien*, 53 Hun, 496.) Other cases seem to support the rule that a prosecution for receiving stolen property may be maintained against one who was present, aiding in the commission of the larceny, and receiving the property from the principal, for the reason that the receiving of the property is subsequent to the larceny in fact and not a part of it. (*Smith* v. *State*, 59 Ohio St. 350; *Jenkins* v. *State*, 62 Wis. 49; 21 N. W. Rep. 232; *People* v. *Rivello*, 39 App. Div. 454.) The *Rivello Case* (*supra*), however, may be distinguished from the *Brien Case* (*supra*) by the fact that in the former case the larceny was complete without any aid from the defendant, while in the latter case the acts of the defendant were a part of the larceny and necessary to its consummation. The same conclusion follows in the instant case, for the larceny by the bailee Woller was not complete until an actual conversion, which implies an actual sale and not an unexecuted contract of sale. In this stage of the larceny the defendant participated, his participation was essential to its success, without which the sale might not have been consummated. As I have said, the bailee might have recanted, in fact, evidently despairing of finding a purchaser for the alcohol, he had already started it on its lawful course for shipment, when through defendant's active intervention in procuring a purchaser for the alcohol, it was diverted.

It, therefore, follows that the judgment of conviction must be affirmed.

BLACKMAR, P. J., MILLS, PUTNAM and JAYCOX, JJ., concur.

Judgment of conviction affirmed.