Appeal by defendant ITuriel Vitolo from a judgment of the Court of General Sessions of the County of New York, rendered June 17, 1946, convicting defendant of the crime of grand larceny in the first degree (Penal Law, § 1294) and of the crime of concealing and withholding stolen property as a felony (Penal Law, § 1308).
Appeal by defendant David Igneri from a judgment of the Court of General Sessions of the County of New York, rendered June 17, 1946, convicting defendant of the "crime of criminally concealing and withholding stolen property as a felony (Penal Law, § 1308).
Judgment affirmed, by a divided court, as to defendant Vitolo. Judgment unanimously affirmed as to defendant Igneri.
Dore, J.
(dissenting in part). Defendants Vitolo and-Igneri appeal from judgments of the Court of General Sessions, New York County, convicting Vitolo of the crime of grand larceny in the first degree (Penal Law, § 1294) and convicting both appellants of the crime of concealing and withholding the stolen property as a felony (Penal Law, § 1308).
The crime of grand larceny was charged against defendant Vitolo under the first count and the separate crime of withholding was charged against both Vitolo and Igneri- under the third count. These were the only two counts submitted to the jury. Vitolo, a second offender, was sentenced upon each count to a term of not less than five nor more than ten years, the sentences to run concurrently. Igneri, also a second offender, was sentenced to an indeterminate term or from five to six years.
On the facts, the evidence against defendant Vitolo of the crime of grand larceny and against Igneri of concealing and withholding as a felony was overwhelmingly sufficient to support the convictions. Only one issue, of law survives, viz., whether, on the proof adduced, Vitolo’s conviction of the crime of larceny and of the separate crime of withholding the property he had stolen, was error.
Section 1308 of the Penal Law provides, so far as relevant, that one is guilty of a crime who “receives 9 * * or * * * conceals [or] withholds” any property knowing it to have been stolen. The crimes of larceny, receiving or withholding are separate and distinct crimes. It has been repeatedly held that a principal present at the felonious taking cannot be convicted of larceny and also of the separate crime of receiving, as the thief cannot receive from himself the property he himself has stolen (People v. Brien, 53 Hun 496; People v. Pollack, 154 App. Div. 716; People v. Romanelli, 197 App. Div. 876; Smith v. State, 59 Ohio St. 350; 136 A. L. R. 1087 et seq.; 2 Wharton on Criminal Law [12th ed.], § 1234). A defendant, however, may be convicted of receiving if the actual receiving is subsequent to the completion of the larceny and not a part of it and the receiver was not present at the larceny, even though as an aider and abettor he may be considered a principal under the Penal Law (People v. Rivello, 39 App. Div. 454).
Vitolo was physically present and actually engaged with the other thieves in the caption and asportation of the trailer and its contents on March 14, 1946. Thereafter the stolen merchandise remained in unbroken possession of Vitolo and his confederates until the arrests on March 17, 1946. Essential to Vitolo’s original taking of the property was his fraudulent or felonious intention of permanently withholding it from its true owner (2 Wharton on Criminal Law, *960 § 1122). The subsequent withholding was continuance of that'same felonious act and the same crime, larceny, and not the new and separate crime of withholding. A person who steals property in one county and carries it to another county may be prosecuted for larceny in any county where he takes the stolen goods (People v. Spivak, 237 U. Y. 460, 462; 2 Wharton on Criminal Law, § 1168), on the theory that “the legal possession of the goods remains in the true owner, and every moment’s continuation of the trespass and felony amounts to a new caption and asportation.” (Haslcins v. People, 16 N. Y. 344, 349.) Under our section 1290 of the Penal' Law one who with the intent of appropriating property from the true owner “wrongfully takes, "obtains or withholds, * * * steals such property and is guilty of larceny.”
On the People’s theory as applied to the facts in this case every thief who continues until arrested to withhold and conceal the property he himself has stolen can' be convicted of two crimes, (1) larceny and (2) withholding and concealing the property he has stolen. Accordingly he may receive two separate sentences which may run consecutively. The statute did not aim to punish the thief by way of double penalty for a single criminal transaction. In enacting section 1308 of the Penal Law, the Legislature never intended such result, at least as to a thief who, as in this case, was physically present at the taking and remained in unbroken possession of the stolen property until apprehended. As in the case of receiving, a defendant who was not present at the taking but who subsequently concealed or withheld the stolen property knowing it to have been stolen may be convicted of the crime of withholding. (See People v. Rivello, 39 App. Div. 454, supra; People v. Feinberg, 237 Ill. 348.) In such case, the withholding is subsequent in fact to the completion of the larceny and not a part of it. The test is whether participation in the larceny by one also accused of withholding is of such character as to make the withholding part of and merged with the theft itself, or under the facts disclosed it is so distinct as to constitute the separate offense.
A defendant may be indicted and charged with both the crime of larceny and the separate crime of withholding; but the jury should be instructed that if it finds as a fact that a defendant so charged was a principal present at the actual taking and asportation and continued thereafter in possession of the stolen property, he cannot be convicted of both larceny and also withholding of the goods he stole as separate crimes (136 A. L. E. 1091). While no such instruction was here given and no request made or exception taken for failure so to charge, the People "do not question the power of this court to consider the issue on the merits (Code Crim. Pro., §§ 420, 517, 527). A separate verdict on each count was received and recorded. The proof of Yitolo’s participation in the actual larceny was overwhelming and his withholding was only a continuation of the larceny. In that state of facts a new trial is not necessary (2 Bishop on Few Criminal Procedure [2d ed.], § 1015, subd. 4, p. 882; § 1332). Under the circumstances Yitolo’s conviction and sentence on the first count for grand larceny may be sustained and the conviction and sentence on the third count for withholding and concealing dismissed.
The trial was otherwise without error; the trial judge was eminently fair; and the proof against both defendants conclusive.
Accordingly, we vote to affirm the judgment of conviction against defendant Igneri; but as to defendant Yitolo we dissent in part and vote to modify the judgment against Yitolo by dismissing his conviction and sentence under the third count for criminally concealing and withholding stolen property as a felony, and as so modified in all other respects we -vote to affirm.
*961 In the Vitelo case: Martin, P. J., Giennon and Cohn, JJ., concur in decision; Dore, J., dissents in part in opinion in which Van Voorhis, J., concurs. Judgment affirmed.
In the Igneri case: Martin, P. J., Giennon, Dore, Cohn and Van Voorhis, JJ., concur.
Judgment affirmed.