Bergan, J.
Defendant, a policeman in the city of Ithaca, has been convicted of the crimes of grand larceny in the first degree and of concealing and withholding stolen property. The crimes were separately charged in the same indictment; the property which defendant was accused of concealing and withholding was the same property he was accused of stealing.
The property consisted of a great many separate items belonging to Montgomery Ward & Co., Incorporated. The judgment imposed by the County Court was a sentence of from two to five years imprisonment for each separate crime, the sentences, however, to run concurrently. A previous conviction on both counts of the indictment was affirmed here (People v. Daghita, 274 App. Div. 868), but reversed by the Court of Appeals (299 N. Y. 194) for an infirmity which has been avoided in this record.
Appellant’s argument for the reversal of this judgment rests on three main points: that the thefts of numerous small items, if established, did not have a sufficient unity of purpose to add their total value to reach the magnitude of grand larceny, first degree; that the proof of value of the property was incompetent; that there can be no conviction for the separate crime of concealing and withholding stolen property against the person accused of the stealing.
Even though the sentences are to run concurrently, there can no longer be any doubt that appellant is “ aggrieved ”, in the sense that he has the right of appeal, if one of the counts of the indictment is not sustained by the record and the conviction on the other count is sustained. (Code Crim. Pro., § 517, as amd. by L. 1913, ch. 125.)
Prior to the amendment of 1913, it was uniformly held that where sentence was suspended no appeal from the judgment would lie. (People v. Markham, 114 App. Div. 387 [1906].) Sentences running concurrently for separate crimes are to be treated similarly. Thus, if either the charge of larceny or of concealing is not well founded, appellant may review the judgment based on that count of the indictment, although, if the other count be sustained, his actual punishment would not be affected.
On the question whether the record sustains a conviction" for grand larceny, first degree, or whether merely a series of petit larcenies was shown, there is proof from which a jury could find that defendant made arrangements with a night watchman several times to obtain access to the Montgomery Ward store in Ithaca. How many separate times goods were taken in the store is not clearly presented.
*22 The watchman said defendant called him1‘ four or five times ’ ’ on the phone and met him later, and the jury could have found from other portions of this testimony that defendant met the witness and took goods from the store on additional occasions. The whole course of the thefts extended over several months.
Whether there was unitary purpose in these thefts, so that in totality they may be evaluated together as grand larceny, rather than as components and therefore as petit larcenies, is finally on this record a question not of law, but of fact.
When the test set up by the leading case in New York (People v. Cox, 286 N. Y. 137) is examined, it will be seen that a maxim of lawT cannot be stated for all cases; hut that decision will nearly always turn on a jury’s view of the facts. The test, as the court adopted it from another text is whether the takings are the result of a “ separate, independent impulse ” or a “ single, sustained * * * impulse ’ ’, in execution of a single, sustained, fraudulent scheme, assuming the takings are from the same place and owner. (P. 142.) <
What is “ separate ”, what is “ single ”, what is “ sustained ”, what is “ independent ”, are all jury questions both by legal tradition and by necessity. No judge could apply these definitions rigidly as a matter of law, and the judicial supervision of the verdict is limited to seeing to it that there is factual foundation upon which reasonable men might reach the conclusion that these conditions attached to the series of acts under consideration.
Here the larcenies were in a series over a period of several months. They were successively from the same owner, from the same place, in the nighttime, and in the same circumstances, and with the help of the same watchman, aided all but once by the authority of the same policeman’s uniform.
The products of all .these separate takings were largely piled together, concealed in a single room of the defendant’s house. It was the theory of the English cases relied on in People v. Cox that successive depletions from the same source, as cutting trees or taking coal, were added into a continuing larceny (p. 143).
It seems to us that continued accretion, the adding of the products of the thefts from the same source into a stock pile of stolen goods is quite as good an indicium of a sustained purpose. A statement by the accused to a prosecution witness who asked him why he had taken “ that amount of merchandise ” that once he had started “ it seemed impossible for him to stop ” points also in the direction of a continuing and unitary purpose in the takings.
*23 The question of whether the takings were separate or united in purpose was carefully and fairly submitted to the jury as a question of fact; and upon this branch of the case the judgment is well founded.
To constitute grand larceny, first degree, the value of the property stolen must exceed $500 (Penal Law, § 1294). There were some 144 separate items involved, consisting of a wide range of goods usually sold in department stores. A witness who had been manager of this store at the time of the thefts testified to the prices at which the goods were then listed for sale.
This is some evidence of value. Price lists, or proof of the prices at which dealers in merchandise offer goods for sale is competent proof of value. (Harrison v. Glover, 72 N. Y. 451, 453-454; Watts v. Phillips-Jones Corp., 211 App. Div. 523, 530.)
The witness testified with the aid of a list to refresh his recollection. He asserted that his recollection, as refreshed, was based on original knowledge. If this was weakened on cross-examination by admission of a more direct reliance on the list, that merely went to weight and credibility. The use of ‘ ‘ approximately ” also went to the weight, and an approximation in the case of so many items and such a complex list is not destructive of the expressed opinion. No court would demand exact precision as a test of admissibility of value, which in its finality is a man’s judgment of an economic phenomenon.
The total of the items, the values of which were testified to from the list, is, according to appellant’s calculation as stated in his brief, $750. The same witness who used the list, the store manager, testified, however, that when he examined all the goods, immediately after they were taken from defendant’s possession and brought to the store, he made a contemporaneous appraisal of their selling price. This he fixed at $950. The witness also testified on cross-examination, that the selling price of the merchandise he saw in defendant’s bedroom alone was between $500 and $600. The proof was conipetent to sustain a finding that the value of the property stolen exceeded $500.
The defendant could be convicted both for stealing the goods and for concealing and withholding them. The provisions of section 1308 of the Penal Law, in terms, contemplate two separable situations either of which may constitute the crime there defined. A person may knowingly buy or receive stolen property, or he may knowingly conceal or withhold stolen property.
No doubt the thief cannot “ receive ” from himself the property he steals. This, as Brady, J., noted long ago at the General *24 Term, in People v. Brien (53 Hun 496, 497), would be a “ curious anomaly ”. But the act of concealing what one has stolen is not so much of an anomaly and it could consistently be declared a separate criminal act by the Legislature. Since People v. Vitolo (297 N. Y. 575 [1947]), it is reasonably certain that a thief may be separately convicted of stealing, and of concealing what he has stolen.
There, the defendant had taken part in stealing a truck loaded with merchandise and also had concealed the merchandise in a garage. He was convicted of both crimes. In affirming, the Appellate Division was divided in opinion (271 App. Div. 959), the minority relying on the authorities, like People v. Brien (supra), which hold that a thief cannot receive from himself the product of his theft, and extending the principle by analogy, to concealing as well on the theory that concealing is merely a continuance of the act of theft itself (p. 960).
In the light of the strong dissenting expressions of Dose, J., in which Van Voorhis, J., concurred, it is reasonable to assume that the Court of Appeals in its affirmance adopted the contrary view of the majority that the conviction was well founded on the merits, rather than that its decision turned on the additional point raised by the respondent and adverted to by the Reporter in his syllabus, that defendant had failed to save the question by proper exception (p. 576).
The judgment of conviction on both counts of the indictment should be affirmed.