■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTON KITTARES, Appellant.— Judgment of conviction, rendered August 27, 1962, unanimously modified, on the law and on the facts, to the extent of vacating the conviction on counts 1 and 4 and directing a new trial thereon, and, as so modified, affirmed. The indictment filed November 17, 1961 charges 8 counts: sodomy, second degree (counts 1 and 4); assault, second degree, with intent to commit the crime of sodomy, second degree (counts 2 and 5); impairing the morals of a child under the age of 16 years (counts 3 and 8); carnal abuse of a child of the age of 10 years or under (count 6); assault, second degree, with intent to commit the crime of carnal abuse of a child of the age of 10 years or under (count 7). Defendant was convicted on all counts. He was sentenced to State prison for one day to his natural life on counts 2, 5 and 6 (Penal Law, §§ 483-a, 483-b), to run concurrently; sentence was suspended on the remaining counts. The subjects of the crimes charged in counts 2, 3, 5, 6, 7 and 8 were not accomplices. However, we have carefully scrutinized their testimony in the light of *People* v. *Oyola* (6 N Y 2d 259) and *People* v. *Porcaro* (6 N Y 2d 248) and conclude the record clearly and convincingly sustains the verdict on said counts. Counts 1 and 4 charge sodomy, second degree. The evidence would also sustain a verdict of sodomy as a misdemeanor. (*People* v. *Randall*, 9 N Y 2d 413.) The misdemeanor provision of section 690 of the Penal Law, effective at the time of the commission of the offenses herein and the indictment (since amd. by L. 1962, ch. 378), was construed in *People* v. *Randall* (*supra*) to require the corroboration of the subjects of the offenses if they were volunteers. If found to be volunteers, they were accomplices although they could have been convicted only of juvenile delinquency. (*People* v. *Pollack*, 154 App. Div. 716, affd. 209 N. Y. 541; *People* v. *Petrucci*, 271 App. Div. 936.) It was therefore incumbent on the trial court to plainly charge the law on corroboration and it was error to refuse to charge the law in this respect. We have examined the other assignments of error and find them without substance. Defendant does not argue the sentence is excessive and we find in the circumstances that it is not. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.