STATE *versus* SAMUEL G. STIMPSON.

In an indictment may be joined a count charging one with larceny, and a count against him as receiver of stolen goods.

One, who knowingly receives or aids in concealing goods stolen *in another State* and brought into this State, is made liable therefor by c. 156, § 10 of Revised Statutes.

On EXCEPTIONS to the ruling of APPLETON, J.

This was an INDICTMENT against the defendant, containing two counts, (1st and 2d,) charging him with stealing certain property therein described, and two other counts, charging him with receiving the same property knowing it to be stolen.

The government introduced evidence tending to prove that the property described was stolen without this State, and in

the Commonwealth of Massachusetts, and brought into this State by another person than the defendant. *In defence,* evidence was introduced proving that, at the time of the larceny, the defendant was at Palmyra.

The presiding Judge was requested to instruct the jury that, if they believed the property described was stolen without the State, and brought into the county of Penobscot without the agency or knowledge of the defendant, the courts here would not have jurisdiction of the offence in this case, and that the indictment charging the defendant with the larceny, and with having received the same goods, knowing them to be stolen, as charged in the indictment, could not be sustained. The Judge declined to give the instruction as requested, but instructed the jury that, if they believed, from the evidence, that the defendant bought, received, or aided in concealing the property, as set forth in the indictment, he, at that time, knowing the same to have been stolen, it would be their duty to convict, notwithstanding the original larceny might have been committed in Massachusetts.

The jury found the defendant guilty, as charged in the third and fourth counts, and not guilty as to the other counts.

*A. L. Simpson,* in support of the exceptions, argued : —

That two distinct offences are charged in the indictment. Larceny, and the receiving and concealing stolen goods, should not be joined ; they are offences of different natures.

The larceny, if committed, was committed not in this, but in another State, and our courts have no jurisdiction over the subject matter. It was no offence against our laws, for which our courts can award punishment. 3 Gray, 434 ; *Abbott* v. *Bayly,* 6 Pick. 89.

What our statutes may define to be larceny, may be no offence against the laws of Massachusetts. An indictment might lie for stealing a slave in South Carolina, but would such indictment lie in this State ?

If the instructions are correct, a man that steals a horse or slave in Texas is liable to be indicted, tried and punished in

any State into which he has taken the horse or slave; and, if he should be indicted in several States, after he has been convicted in one State, on requisition, he would be liable to be delivered to the authorities of another State to be again tried.

*J. H. Hillard, County Attorney, contra.*

1. The counts are properly joined. 9 Car. & Payne, 289; *Carlton* v. *Commonwealth*, 5 Met. 534; Wheaton's Am. Com. Law, § 414, and cases cited; *State* v. *Burke*, 38 Maine, 574; *Com.* v. *Gillespie*, 7 S. & R. 469.

2. The stealing of the goods in Massachusetts and the bringing them into this State, by the person who stole them, was a larceny here. *State* v. *Somerville*, 21 Maine, 14; *Commonwealth* v. *Dewitt*, 10 Mass. 154; *Commonwealth* v. *Cushing*, 1 Mass. 116; *Commonwealth* v. *Andrews*, 2 Mass. 14; *Commonwealth* v. *Lord*, in York, 1792, referred to in last case; *State* v. *Ellis*, 3 Conn. 185; *State* v. *Mackridge*, 11 Ver. 654; *Commonwealth* v. *Rand*, 7 Met. 475; *Commonwealth* v. *Upsichard*, 3 Gray, 434; *Cummings* v. *State*, 1 Har. & Johns. 340; *Hamilton* v. *State*, 11 Ohio, 435.

If the person who stole the goods in Massachusetts and brought them here can be convicted of the larceny here, as the authorities conclusively show, then it follows, necessarily, that those who receive the goods here, or aid in concealing them, are guilty of violating the provisions of the statute of this State. c. 156, § 10.

The cases of *Commonwealth* v. *Andrews*, and *Commonwealth* v. *Dewitt*, before cited, are in point, and appear to be conclusive.

HATHAWAY, J., announced the opinion of the Court, that there was no error in the ruling and instructions of the Judge at *Nisi Prius*, and ordered an entry of

*Exceptions overruled.*

RICE, J., remarked, that the instructions, as applicable to the third count, are correct; as applicable to the *fourth* count, they would be erroneous, it not being alleged in that count,

that the principal larceny was committed in this State. See *Commonwealth* v. *Andrews,* 2 Mass. 14.

As to this doctrine of *constructive* larceny, I do not feel at all satisfied; and, if it were a new question, I should be opposed to it. On principle, it is, in my judgment, erroneous; and, being so, should not be extended.