## The People v. Loughridge.

LARCENY. The bringing into this State, by the thief, of goods stolen in another State, is not larceny.

This was a writ of error to the District Court for Douglas county. The facts are fully stated in the opinion.

*J. W. Savage,* for Loughridge.

*G. W. Doan.* District Attorney, contra.

CROUNSE, J.

The plaintiff in error, Charles Loughridge was tried at the October term of the District Court for Douglas county, upon an indictment charging that, on the 30th day of August, 1867, in the county of Douglas, State of Nebraska, he did steal, &c., a pocketbook and other property to the amount of about five hundred dollars. The evidence shows that the property in question was taken from one Hanson, at St. Johns, in the State of Iowa, and found in the possession of Loughridge a few days subsequently at Omaha, in Douglas county, in this State. The judge, in effect charged the jury that if they found that the prisoner feloniously took the property in the State of Iowa, and escaped into this State, and was found in possession of it, in Douglas county, they might find him guilty under the indictment. The jury returned a verdict of guilty. Motions were made for a new trial and in arrest of judgment, which were overruled ; and the case is brought here on alleged error lying chiefly in the charge to the jury. Whether an indictment for larceny can be supported, where property is originally stolen in one of the United States, and carried into another State, where the thief is arrested and prosecuted, is a question upon which the cases are in

THE PEOPLE v. LOUGHRIDGE.

conflict. In Massachusetts, *The Commonwealth* v. *Cullings*, 1 *Mass.* 116 ; Connecticut, *The State* v. *Ellis*, 3 *Conn.* 185 ; Vermont, *The State* v. *Mockridge ;* Ohio, *Hamilton* v. *The State*, 11 *Ohio*, 435 ; and Maryland, *Cummings* v. *The State*, 1 *Har. & John.* 140, such indictments have been sustained. In New York, *The People* v. *Gardner*, 2 *John.* 477, *The People* v. *Schenk*, 2 *John.* 479 ; Pennsylvania, *Simmon* v. *The Commonwealth*, 5 *Binney*, 617 ; Tennessee, *Simpson* v. *The State*, 4 *Humph.* 456, and North Carolina, *The State* v. *Brown*, 1 *Harvy*, 100, the contrary doctrine has prevailed. The force of the Massachusetts cases however holding as above, is very much shaken by the opinion of Ch. J. SHAW in the much more recent case of *The Commonwealth* v. *Uprichard*, 3 *Gray's R.* 434, where he holds that stealing goods in one of the British Provinces and bringing them into Massachusetts, will not support an indictment in that State. I can discover no reason applying in that case which does not obtain in case of an indictment found in one State where the goods are brought from one into another. The different States are altogether as independent of each other in point of jurisdiction as any two nations.

No case sustaining an indictment under such circumstances asserts the rights of courts of one State to entertain jurisdiction of cases where crimes were committed in other States ; but they all proceed upon the assumption that the possession in the thief amounts to a larceny in every county into which he carries the goods, because the legal possession remains in the true owner, and therefore every moment's continuance of the felony amounts to a new caption and asportation. There is considerable subtlety in this principle, and it was, no doubt, suggested for the convenience of trying felons in the county where they might be taken with the goods, and to avoid their escaping punishment by fleeing from one State or locality into another.

The People *v.* Loughridge.

No legislator in defining larceny, and affixing a penalty to the offence, ever contemplated such an interpretation. To allow this interpretation to hold in the case of different counties of the same State may with safety be permitted. Here the accused may have compulsory process for his witnesses, and a conviction in one county will be a bar to that in another. To extend its application to States, is to attach to the crime of larceny, penalties uncertain in their character, possibly greatly incommensurate with the offence committed, and such as do not attend any other crime. Conviction in one State is no bar to a conviction in another. For larceny committed in the State of Missouri, the thief bringing the goods here by way of Iowa, may be first tried here, under this doctrine, and sentenced for ten years ; the same in Iowa, and lastly convicted and sentenced in Missouri. So from the fear that the thief might escape justice altogether, we find a warrant to inflict upon him a triple penalty. I should prefer the ultimate escape of now and then a culprit, than assume jurisdiction upon a theory which to me seems based on a fiction rather than on a clear and positive principle of law. The Constitution of the United States has provided for cases where offenders fly from the State where the offence is committed. Wherever he is found he may be secured, and sent to that State for trial from which he has fled, on demand of the executive thereof. Under this provision escape out of a State, while it may involve some inconvenience, need not defeat justice. If the legislature of this State like that of some of the States, chooses to make the possession of stolen goods an offence, it would be proper for it to do so. I am of the opinion, therefore, that the judgment of the court below, should be reversed and the prisoner discharged.

Judgment reversed.