7 ꜱ ꜱ ꜱ

## WILLIAM C. REAM v. STATE OF NEBRASKA.

### FILED DECEMBER 9, 1897.   No. 9165.

1. **Receiving Stolen Cattle:** INDICTMENT. The buying or receiving of cattle knowing them to have been stolen is, by statute in this state, made an independent substantive crime, hence it is not essential in an indictment therefor that the name of the original thief be alleged.

2. ———: VALIDITY OF STATUTE: TITLE. The act of 1895 (Session Laws, ch. 77), entitled "An act to punish cattle stealing, and to punish persons receiving or buying stolen cattle, and to punish all persons harboring or concealing cattle thieves," embraces a single subject of legislation and the same is with sufficient clearness expressed in the title. (*Granger v. State*, 52 Neb., 352.)

3. **Trial:** PROOF: ORDER OF INTRODUCTION. The order of the introduction of proof is within the discretion of the trial court.

ERROR to the district court for Cuming county. Tried below before EVANS, J.  *Affirmed.*

*Mell C. Jay* and *T. M. Franse,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* contra.

POST, C. J.

The plaintiff in error William C. Ream was by information in the district court for Thurston county, in separate counts, charged (1) with stealing cattle; (2) with receiving the cattle in question, knowing them to have been stolen. A change of venue was allowed on motion of the plaintiff in error, and the cause removed to Cuming county, where a trial was had resulting in an acquittal as to the charge of cattle stealing and a conviction upon the charge of receiving said cattle knowing them to have been stolen, and which is presented for review by means of the petition in error in this case.

Counsel argue, first, that it was necessary for the state to allege and prove the conviction of the person by whom

the cattle were originally stolen, and that the information was, in the absence of such an averment, fatally defective. That such was the rule under the former practice may be conceded, since one guilty of receiving and concealing stolen property is, at common law, treated as an accessory after the fact. But in this state the offense charged is an independent substantive crime and the conviction of one charged therewith is in nowise dependent upon the prosecution of the original thief. (*Engster v. State*, 11 Neb., 539; *Levi v. State*, 14 Neb., 1; *Granger v. State*, 52 Neb., 352; *Shriedley v. State*, 23 O. St., 130.)

It is next contended that the statute under which the plaintiff in error was prosecuted, to-wit, section 117*a*, Criminal Code, edition 1897, being an act approved April 8, 1895, entitled "An act to punish cattle stealing, and to punish persons guilty of receiving or buying stolen cattle and to punish all persons harboring cattle thieves," is unconstitutional and void for the reason that the provisions thereof are not within the scope of the title employed. But that question was determined adversely to the contention of plaintiff in error in *Granger v. State, supra,* and to the conclusion there announced we are satisfied to adhere.

Finally, it is urged that the court erred in permitting the state to introduce evidence in chief in connection with its testimony in rebuttal. The order of proof, it has been often held, is within the discretion of the trial court, which may, in a proper case, permit the introduction of original evidence, even after both parties have rested. (*Tomer v. Densmore*, 8 Neb., 384; *Omaha Real Estate & Trust Co. v. Kragscow*, 47 Neb., 592.)

We discover no error in the record.

JUDGMENT AFFIRMED.