### WEISBERG v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted April 1, 1919. Decided May 5, 1919.)

### No. 3229.

1. EMBEZZLEMENT ⟨⟩11(1)—LARCENY ⟨⟩15(3)—DISTINCTION.

A transfer wagon driver, who wrongfully converted sugar while hauling it from a railroad station, *held* guilty of larceny, and not embezzlement.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. LARCENY ☞27—RECEIVING STOLEN GOODS ☞6—PRINCIPAL.

> Although, under Code of Law 1901, § 908, a defendant, persuading a transfer wagon driver to wrongfully sell him sugar and directing him to unload it at a nearby store, is made a legal principal in the larceny, yet, since he was not present when the actual unloading or theft occurred, he was merely an artificial and not an actual principal, and may be convicted for the distinct offense of receiving stolen goods.

Appeal from the Supreme Court of the District of Columbia.

Jacob Weisberg was convicted of receiving stolen goods, and appeals. Affirmed.

Henry E. Davis and Joseph B. Stein, both of Washington, D. C., for appellant.

John E. Lasky, U. S. Atty., and James J. O'Leary, Paul B. Cromelin, and J. B. Archer, Jr., Asst. U. S. Attys., all of Washington, D. C.

ROBB, Associate Justice. Appellant, defendant below, was convicted of the crime of receiving stolen goods and sentenced to imprisonment for three years.

For the government, John Chatt, a colored driver for the Jacobs Transfer Company, testified that upon one occasion, when he was passing defendant's grocery store, defendant came out and offered to buy anything he (witness) might get hold of, whether stolen or not; that upon the occasion in question witness got a consignment of 30 bags of sugar from Pennsylvania Depot, to be delivered at a place beyond defendant's place of employment; that—

> "defendant stopped him before he went down to get the sugar, * * * and he got the sugar on [the 30 bags], and came by and sold 500 pounds of it; did not carry the sugar back to the Jacobs Transfer place and deliver it from there, did not carry it anywhere, except from the depot up to defendant's place, and told defendant he had this sugar and sold 500 pounds of it for $18."

Witness further testified that after he had sold the sugar to defendant—

> "he took it to the alley between E and F, around back of the Continental Hotel, a little store on the corner of the alley; doesn't know whose store it is; defendant told him to take it there, and he took it there and put the sugar in the store. Defendant paid him for the sugar at the junk shop, after he took the sugar around, right after he delivered the sugar, about 20 minutes."

Defendant testified that Chatt—

> "came over to the junk shop and brought a ticket, and said that witness' wife sent him for the sugar; that she had no money to pay for it, and he brought a slip for $19, and said witness' wife sent him. * * * Chatt said his (defendant's) wife didn't have any money, and sent him to the junk shop, and he paid Chatt over there."

On cross-examination defendant said:

> "Chatt had the sugar with him; said his (witness') wife sent him over to where he (witness) worked; that witness should pay him for the sugar, and witness told him to carry it around to the store and he would pay him (Chatt)."

[1, 2] Under the evidence Chatt clearly was guilty of larceny and not embezzlement. Talbert v. United States, 42 App. D. C. 1. As

to the defendant, he contends that since the evidence shows he advised, incited, or connived at the offense (Code, § 908), he was a principal in the larceny, and therefore could not be convicted of receiving stolen goods in the theft of which he had participated.

The authorities are not in harmony upon this question. It has been held that a prosecution for receiving and concealing stolen goods may be maintained against one who was present and aiding in the commission of the larceny, and received the goods from the actual principal. Smith v. State, 59 Ohio St. 350, 52 N. E. 826; Jenkins v. State, 62 Wis. 49, 21 N. W. 232; Adams v. State, 60 Fla. 1, 53 South 451, Ann. Cas. 1912B, 1209. Other courts, however, have taken a less comprehensive view of the question, holding that, notwithstanding the defendant may have been an accessory before the fact and under statutory provisions a principal, if he was not present at the actual time of the conversion of the goods, he may be held for receiving them after theft. People v. Feinberg, 237 Ill. 348, 353, 86 N. E. 584; People v. Thompson, 274 Ill. 214, 219, 113 N. E. 322; People v. Rivello, 39 App. Div. 454, 57 N. Y. Supp. 420. The latter was the view of Wharton (Wharton on Cr. Law [9th Ed.] vol. 1, § 986), and has been adopted by us. While under the rule early prevailing in England the receiver of stolen property from the thief, where there was present the intent to assist the thief in depriving the owner of the property, was an accessory to the larceny (State v. Sakowski, 191 Mo. 635, 90 S. W. 435, 4 Ann. Cas. 751; State v. Weston, 9 Conn. 527, 25 Am. Dec. 46; Ex parte Sullivan, 84 Neb. 493, 121 N. W. 456, 28 L. R. A. [N. S.] 750), under the prevailing modern rule the crime of receiving stolen goods is a substantive offense, separate and distinct from the larceny itself (People v. Feinberg, 237 Ill. 348, 352, 86 N. E. 584; State v. Fred, 152 Mo. 100, 53 S. W. 416; 17 R. C. L. 84). The reason, of course, why one who actually participates in the conversion and asportation of the property may not be successfully prosecuted for receiving the stolen goods is that a single act may not constitute both a larceny and a receiving of the stolen goods. State v. Honig, 78 Mo. 249, 253. All who actually participate in the conversion are not mere accessories, or under statute artificial principals, but principals in fact as well as in law. Although one not actually present may be an artificial or indirect principal under statute, the fact that he was not present renders it possible for him, by receiving the goods from the actual thief, to commit the crime of receiving stolen goods. In other words, this crime of receiving stolen goods being substantive and independent, there is no inconsistency in holding that it may be committed by such an artificial principal, where his acts follow the actual commission of the larceny.

In the present case there was evidence warranting a finding that the defendant was not present when the actual conversion of the sugar took place. There was, therefore, no merger of the two offenses, for in fact and in law, when defendant thereafter paid Chatt for the sugar, knowing of the completed act of larceny by Chatt, he rendered himself liable to conviction for receiving stolen goods. Chatt testified that he got a load of 30 bags of sugar, drove by the junk shop

where defendant was employed, and was instructed by defendant to take 500 pounds, or 5 bags, around to defendant's store. This he did, and returned to the junk shop, where defendant paid him for the sugar. Defendant himself testified that his wife sent Chatt around to the junk shop, "and witness told him to carry it [the sugar] around to the store and he would pay him." In other words, all the evidence tended to show that the actual conversion of the sugar by Chatt took place after Chatt stopped at the junk shop with the load. The crime of larceny was not completed until the segregation of the sugar took place, and there is no pretense that defendant was present at that time. Under the statute, therefore, he was a mere artificial principal, and not an actual one; that is to say, he was subject to the same punishment as though he actually had assisted in the final act of larceny. But that does not prevent his prosecution for the distinct offense of receiving stolen goods.

We have carefully considered the other assignments of error but have found no merit in them. The judgment, therefore, must be affirmed.

Affirmed.