## 11173

### STATE v. WEATHERSBEE

#### (118 S. E., 423)

CRIMINAL LAW—RECEIVING STOLEN GOODS OBTAINED BY TWO LARCENIES HELD ONE OFFENSE.—Where cotton was stolen from two different persons and both lots were brought to defendant at the same time, defendant can be convicted of only one offense of receiving stolen goods.

Before S. McG. Simpkins, Special Judge, Aiken, September, 1922.    Reversed.

Lige Weathersbee was convicted of receiving stolen goods and he appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *Receiving stolen goods from different persons at the same time is one offense:*    39 S. C., 3481; 76 S. C., 74; 80 S. C., 369; 8 R. C. L., 145, Sec. 130.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Confessions:* 27 S. C., 22; 35 S. C., 197; 15 S. C., 540; 49 S. C., 410; 49 S. C., 544.    *When offenses are separate:* 2 Bail L., 42; Dudley L., 40; 20 S. C., 39; 58 S. C., 368.

July 18, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

"The above-entitled case was tried at the September Term, 1922, of the Court of General Sessions for the above-named County, and the defendant was convicted of receiving stolen goods of greater value than $20, the goods and chattels of J. Wiley Woodward.    The same defendant was tried at a preceding term of the Court for a similar offense, alleging the receiving of stolen goods belonging to one Julia Brodie. He was convicted of that charge, the value of the goods being $19.50, and was duly sentenced for said charge.    The defendant's attorney, when the instant case was tried, interposed the plea of former jeopardy, claiming that this was the same offense as that for which the defendant was formerly tried.    The indictment in each of these cases contained two counts, one for larceny and the other for receiving stolen goods; the verdict in each case being guilty on the second count of receiving stolen goods.    There are seven exceptions taken by the defendant, most of them alleging error in the Judge's charge to the jury."

Exception 6 must be sustained.    His Honor should have directed a verdict as requested by the defendant's attorney

at the close of State's testimony as to receiving stolen goods. The record shows that—

"In the former trial that on the same morning, to wit, the morning of October 13th, Julia Brodie had some one steal her cotton from the front porch of her house, being the same morning that the cotton in this case was stolen, and it was also shown in the former case that the wagon which carried the stolen cotton away from Julia Brodie's house by J. Wiley Woodward's field, took up his cotton, and carried both lots of cotton at one and the same time to the house of the defendant, and both lots of cotton were delivered to him at the same time by Shine Taylor."

The defendant was acquitted on the larceny count in both cases. It is true that the stealing was from different persons at different times, but the receiving was one transaction.

The receiving of the stolen goods, although two separate and distinct larcenies, was one transaction as to receiving. The evidence shows the delivery of both lots of cotton to the defendant was at the same time, and defendant cannot be convicted of receiving stolen goods for two separate and distinct larcenies; there was only one receiving of the stolen goods.

The judgment is reversed.

Messrs. Justices Fraser, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran: I concur. See 34 Cyc., 522 *Smith v. State,* 59 Ohio St., 350; 52 N. E., 826. *Ex parte Sullivan,* 84 Neb., 493; 121 N. W., 456; 28 L. R. A. (N. S.), 750.

In the Smith Case the Court says:

"Many articles stolen at different times from several persons may be received and concealed by the same act, and then there is but one offense."