CORNELIA NORTON V. STATE OF NEBRASKA.

FILED APRIL 11, 1930. No. 27297.

*M. O. Bates* and *Neil France,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and DAY, JJ., and FITZGERALD and L. S. HASTINGS, District Judges.

THOMPSON, J.

The plaintiff in error, hereinafter called defendant, was informed against and convicted of receiving and concealing stolen hogs, of some value, knowing the same to have been stolen, with intent to defraud the owner, under section 9611, Comp. St. 1922. Such section provides: "Whoever steals any sow, barrow, boar or pig of any value, or receives or buys any sow, barrow, boar, stag or pig that shall have been stolen, knowing the same to have been stolen, with intent by such receiving or buying to defraud the owner, or conceals any such thief, knowing him to be such, or conceals any sow, barrow, boar or pig, knowing the same to have been stolen, shall be imprisoned in the penitentiary not more than five nor less than one year and shall pay the costs of prosecution."

For reversal numerous claimed errors are presented, which will receive consideration as reached.

At the outset we might state that the receiving or concealing of stolen hogs, knowing them to have been stolen, with intent to defraud the owner, is by the aforesaid section 9611 made a substantive crime, and a conviction therefor may be had without regard to the person who stole the hogs, or the person from whom they were received. *Levi v. State,* 14 Neb. 1; *Ream v. State,* 52 Neb. 727; *In re Loomis,* 84 Neb. 493; Maxwell, Criminal Procedure (2d ed.) pp. 383 to 387, and authorities therein cited.

Further, the word "conceals," as it appears in that part of section 9611, Comp. St. 1922, reading as follows, "or conceals any sow, barrow, boar or pig, knowing the same to have been stolen," should be given the same meaning as if

followed by the words "with intent * * * to defraud the owner." In *Bailey v. State,* 115 Neb. 77, in construing this same word as it appears in a similar clause of section 9612, Comp. St. 1922, relating to poultry stealing, we concluded that the word "conceal," as there used, covered and included the words "with intent * * * to defraud the owner." This is a logical conclusion, as in law the word "conceal" ordinarily implies design or purpose.

An error stressed in the briefs, and at oral argument, is that the judgment is without supporting evidence. The bill of exceptions, consisting of some 249 pages, has been carefully read and considered. The evidence is, in many material portions thereof, acutely conflicting, and in other parts uncontradicted or admitted, from a consideration of all of which different minds may reasonably arrive at different conclusions. In such a case, we are controlled by *Dore v. Omaha & C. B. Street R. Co.,* 97 Neb. 250, wherein it is held: "The jury are the judges of the credibility of witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested." Under this record, we cannot say, and do not find, that the verdict of the jury is without support in the evidence, nor that the same is clearly wrong.

It is submitted that the verdict is contrary to law, owing to its uncertainty as to the person found guilty. The verdict recites:

"In the District Court of Dawson County, Nebraska. State of Nebraska, Plaintiff, v. Cornelia Norton, Defendant. State of Nebraska, County of Dawson, ss. Verdict of Jury. We, the jury duly impaneled and sworn in the above entitled cause, do find the defendant guilty in the manner and form as charged in the information. That at the time of receiving or concealing of said hogs by the defendant they were worth $125.00. (Signed) Oswald A. Kutz, Foreman."

It will be noticed that in the caption of such verdict the words "Cornelia Norton" are followed by the word "De-

fendant," and the verdict finds the "defendant" guilty. We may further note that she was so designated in the information referred to in this verdict, also in numerous of the instructions given by the court, as well as in the title of the instructions, which were submitted by the court, carried to the jury room, and before the jury at the time of their deliberations and finding. These facts, considered in connection with the verdict, bring it clearly within the rule of construction announced in *Keeler v. State*, 73 Neb. 441, as follows: "Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity. If the meaning of the verdict in the light of the whole record is clear, beyond any reasonable doubt, it is sufficient." In the course of the opinion in the *Keeler* case, *Williams v. State*, 6 Neb. 334, relied upon by defendant, is considered and distinguished, and, as we conclude, properly so.

Other claimed errors of law, both as to instructions and those occurring at the trial, are also urged as grounds for reversal. These have had our consideration. Some of the challenged instructions, if viewed independently, may be incomplete, but when considered in connection with the others given, which we must do under this record, they fairly submit to the jury the issues involved. *Samuels v. State*, 101 Neb. 383; *Williams v. State*, 115 Neb. 277.

The defendant has had a fair trial, and no substantial miscarriage of justice has actually occurred; hence, the provisions of section 10186, Comp. St. 1922, are controlling herein.

No error prejudicial to the rights of the defendant appearing in the record, the judgment of the district court is

AFFIRMED.