MACABOY v. UNITED STATES.

No. 9287.

United States Court of Appeals
District of Columbia.

Argued Jan. 23, 1947.

Decided Feb. 24, 1947.

Mr. John L. Ingoldsby, Jr., of Washington, D. C. (appointed by this court) for appellant.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Messrs. Edward M. Curran, United States Attorney at the

time the record was filed, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

Charles A. Macaboy appeals from a verdict and judgment of guilty on six counts of an indictment charging him with violation of the Harrison Narcotic Act[1] and the Narcotic Drugs Import and Export Act.[2] The case follows the same pattern as Dear Check Quong v. United States, —— U.S. App.D.C. ——, 160 F.2d 251, and Thomas Higgins v. United States, —— U.S.App.D.C. ——, 160 F.2d 222. Here, as in those cases, the only evidence presented by the prosecution was the testimony of the narcotic agent, who, on three occasions, had searched an informer employed by the government, given him money with instructions to make a purchase, followed the informer, keeping him always in sight, observed the transactions between the informer and appellant, and then received from the informer the packages containing the drug.

■ Appellant's first point, which challenges the sufficiency of this evidence to sustain the conviction, is disposed of by our decisions in the Quong and Higgins cases wherein we held that "evidence to this effect, if believed by the jury, as it was, was sufficient to justify the verdict of guilty."

■ Appellant further contends that the court below erred in failing to instruct the jury with respect to circumstantial evidence and the standards which must be met by such evidence in order to warrant conviction although he made no request for such an instruction. He maintains, however, that the better rule is that the defendant is entitled to such instruction as a matter of right without request and cites decisions of several state courts in support of this rule. Appellant also recognizes that there is considerable opposition to the rule especially in the federal courts.[3] It is to be noted that the states which favor the rule apply it only in cases where the conviction is wholly dependent on circumstantial evidence and do not extend the rule to instances where there is, as was the case here, direct incriminatory evidence presented tending to connect defendant with the crime.[4] Moreover, no reason is presented and none is apparent why the rule long followed in the other appellate federal courts should be departed from by us.

Affirmed.

[1] 53 Stat. 272, 26 U.S.C.A. Int.Rev. Code, § 2554 (a).

[2] 42 Stat. 596, 21 U.S.C.A. § 174.

[3] Hughes v. United States, 5 Cir., 231 F. 50, certiorari denied 242 U.S. 640, 37 S.Ct. 112, 61 L.Ed. 541.

[4] Gardner v. State, 27 Wyo. 316, 196 P. 750, 15 A.L.R. 1049.