## COSENZA v. UNITED STATES.

### No. 13004.

United States Court of Appeals
Ninth Circuit.

March 17, 1952.

Shute & Elsing and W. T. Elsing, Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., E. R. Thurman, Asst. U. S. Atty., District of Arizona, Phoenix, Ariz., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

PER CURIAM.

Appellant was indicted and convicted on two counts, the first of which charged that at Phoenix, Arizona, he unlawfully received from one Booth, while in interstate commerce, certain jewelry of a value in excess of $5,000, knowing it to have been stolen. This accusation was laid under 18 U.S.C.A. § 2315. The second count charged a violation of 18 U.S.C.A. § 4, in that the accused feloniously concealed the commission of the federal offense by Booth and did not make the same known to the requisite authorities. He was sentenced to imprisonment for a single term of three years on the two counts.

At the close of the trial, appellant moved for a judgment of acquittal on the first count for lack of evidence that the jewelry received constituted, at the time, interstate commerce. We are satisfied that the proof substantially supports the charge in this respect. Appellant claims, in the same connection, that the instructions were inadequate to advise the jury as to the necessity of the government's proving that the property was in interstate commerce

at the time 'he received it. In its instructions the court quoted the statute, and there was no request on appellant's part for a more elaborate charge. Having failed to ask for additional instructions, appellant can not here be heard to complain. See Rule 30, Fed.Rules Crim.Proc. 18 U.S.C.A.; Baugh v. United States, 9 Cir., 27 F.2d 257. The condition of the record does not warrant our noticing the point despite the absence of a timely request.

It is claimed, also, that the evidence is wholly insufficient to support the verdict of guilty on the second count for misprision of felony. Assuming this to be true, a reversal is not warranted, since the sentence is well within the maximum punishment prescribed for the first count. Pinkerton v. United States, 328 U.S.. 640, 642, 66 S.Ct. 1180, 90 L.Ed. 1489.

Affirmed.