## UNITED STATES v. STEPHENSON.
### No. 1491 Cr.

District Court, D. Alaska.
Second Division. Nome.
March 9, 1953.

624

James von der Heydt, U. S. Atty., Nome, Alaska, for plaintiff.

Quincy Benton, Nome, Alaska, and Ralph Moody, Anchorage, Alaska, for defendant.

COOPER, District Judge.

After a trial by jury, defendant was convicted of receiving stolen government property in violation of Title 18, Section 641, U.S.C.A.; at the conclusion of the government's case, defendant moved for a verdict of acquittal basing her motion primarily on the assertion that a witness for the government, Josephus Tester, was an accomplice, and that there had not been sufficient corroboration of his testimony. The Court denied the motion on the basis that under the facts as given, the witness could not be considered an accomplice. Defendant was also advised at that time that no accomplice instruction, under the facts as then existed, would be given unless defendant submitted authorities warranting a contrary view. At the conclusion of the trial, there was no renewal of the motion by defendant, nor was there any other motion or argument presented. Although afforded an opportunity to do so, the defendant neither tendered nor requested any desired instructions nor were any exceptions made to the instructions given by the Court. No motion for new trial was made, however defendant filed a notice of appeal, and without the formality of a written motion or application, now comes before the Court on an oral motion for the allowance of bail pending appeal under Rule

46(a)(2), Federal Rules of Criminal Procedure, 18 U.S.C.A. In contending that the case involves a substantial question which should be determined by the appellate court as provided by the foregoing rule, the defendant makes the following points:

1(a). One Josephus Tester, a witness for the government, was an accomplice and that the Court erred in not giving an instruction to the effect that such testimony should be viewed with distrust.

1(b). That the Court erred in not instructing the jury that the testimony of an accomplice, unless corroborated, is not sufficient to convict.

2. That the Court erred in not giving a directed verdict at the conclusion of the government's case for the reason that there was not sufficient identification of the corpus delicti, to-wit: coffee alleged to be government property and stolen from the government.

3. That certain members of the jury were disqualified to serve by virtue of lack of intelligence and knowledge of the English language.

■ The defendant relies most heavily upon points 1(a) and 1(b) above. I find little if any merit to the other contentions of defendant and it is not necessary to here consider them. The prevailing rule in both state and federal jurisdictions is that a thief is not an accomplice of one subsequently receiving the stolen goods, and vice versa, the receiver is not an accomplice of the thief. Leon v. State, 21 Ariz. 418, 189 P. 433, 9 A.L.R. 1397; Curley v. Automobile Finance Co., 343 Pa. 280, 23 A.2d 48, 136 A.L.R. 1087. Defendant concedes that this is the general rule, but contends that the facts in the instant case bring it within the many exceptions. In support of that contention, defendant cites the case of People v. Kupperschmidt, 237 N.Y. 463, 143 N.E. 256, annotated in 32 A.L.R. 447. It is true that in the latter case, the Court held that the receiver cannot take with guilty knowledge unless aided therein by the act of the thief in delivery of the goods, and that the thief is therefore an accomplice. It is apparent, however, that the Court in applying that test adopted the minority rather than the majority rule. Defendant, in effect, then, is suggesting that the prevailing rule be rejected by this Court in favor of the minority rule followed in the Kupperschmidt case. This suggestion must be rejected.

■ The general test which has been applied in an imposing array of state and federal jurisdictions with reference to the point before us, is whether or not the witness could be successfully prosecuted and convicted of the same crime with which the defendant is charged. This rule has been established and followed in Diggs v. U. S., 9 Cir., 220 F. 545. Other jurisdictions have applied this test to the particular question of stealing and receiving stolen property. Weisberg v. U. S., 49 App.D.C. 28, 258 F. 284; U. S. ex rel. v. Mulligan, 2 Cir., 50 F.2d 687; Cartwright v. U. S., 5 Cir., 146 F.2d 133; Aaronson v. U. S., 4 Cir., 175 F.2d 41.

■ There are of course circumstances under which a receiver of stolen goods, by virtue of conduct in aiding and abetting the actual theft, could be guilty of a larceny of the property in question, and the converse would be true under similar circumstances wherein the thief could also be convicted of receiving. However in all such instances, it must be shown that a conspiracy existed between the parties or that at least there was a concert of action between the receiver and the thief to the extent that there was actual participation by both parties in the crime charged. Under Section 2, Title 18 U.S.C.A., defining principals, one court has gone so far as to hold that one might be rightfully convicted of both receiving and stealing the same property. Aaronson v. U. S., supra. Such cases, however, can be readily distinguished from the instant case.

The witness Tester testified substantially that he was a Basic Airman stationed at Nome Airfield Base, and whose duties were generally that of transporting food supplies from warehouses on the base to the mess hall, and in some instances to government ships anchored in the immediate vicinity.

He testified that he was acquainted with the defendant and had on several occasions been present in her place of business, which was a combination restaurant and bar, while wearing his uniform. That on the evening of the date in question, he approached the defendant asking her if she needed anything and was informed by her that she could use 400 pounds of coffee. Subsequently, on the same night, the witness, with a companion, without authority entered one of the warehouses on the Nome Airfield Base and removed ten pasteboard cartons each containing two 20 pound tins of coffee which they transported to a point near defendant's place of business, at which time, because of mechanical trouble with the government truck then being used, it was necessary for them to conceal the coffee in some nearby bushes. Later, during the same evening, they returned to defendant's place of business, borrowed her jeep, and completed the transportation of the coffee. Upon delivering the coffee, the defendant advised Tester that she did not have the previously agreed price of $300 and offered $200 instead, which the witness and his companion accepted. The defendant testified that she knew the witness but denied any knowledge whatsoever of the incident in question.

■ These are the facts upon which the defendant claims that the witness is an accomplice. Under such facts, applying the test laid down by the majority of both state and federal courts, it follows that Tester was not an accomplice of the defendant.

■ However, assuming that Tester could be considered an accomplice, did the Court err in not giving instructions on the matter? In Anderson v. U. S., 157 F.2d 429, the Ninth Circuit Court of Appeals held that in view of Section 58–5–1, A.C. L.A.1949, a cautionary instruction as to accomplice's testimony is mandatory, even though not requested. It is interesting to note, however, in that case there is no indication whatsoever that the Federal Rules of Criminal Procedure were brought to the attention of the Court. The decision was rendered in September of 1946. The Federal Rules of Criminal Procedure be-

came effective in March of the same year. It is therefore quite probable that no suggestion was made by counsel as to the application of the new Rules. However, it is obvious that under the facts of that case, the lack of such an instruction was prejudicial error. Ordinarily, however, a defendant cannot be heard to complain of the omission to give instructions in the absence of a request unless such an omission is so seriously prejudicial as to deprive the accused of a fair trial. Cosenza v. U. S., 9 Cir., 195 F.2d 177; Wright v. U. S., 9 Cir., 92 F.2d 595; U. S. v. Ginsburg, 7 Cir., 96 F.2d 882; U. S. v. Capital Meats, Inc., 2 Cir., 166 F.2d 537; Macaboy v. U. S., 82 U.S.App.D.C. 53, 160 F.2d 279. It is pertinent here to call attention to the provisions of Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., with respect to instructions. It has been previously determined by the Third Judicial Division of this Court that the Federal Rules of Criminal Procedure provide a substantial method of procedure for all criminal cases in the federal courts and that all prior conflicting statutes, rules and decisions must give way. U. S. v. Landicho, D.C., 72 F.Supp. 425, 427. To hold otherwise would do violence to the very purpose underlying the adoption of the Rules, which is the uniformity of procedure in the federal courts. This principle is supported by a decision of the Circuit Court of Appeals for the Ninth Circuit in the case of Nordgren v. U. S., 181 F.2d 718. The application of the Alaskan statutes relative to accomplice testimony was brought to the attention of the court in the latter case. The basic principle upon which accomplice testimony has been held to require cautionary instructions and corroboration in some jurisdictions is the assumption that such accomplice usually has an incentive to testify falsely in order to benefit himself. This assumption obviously had merit in the Anderson case, supra. No such situation exists in the present case, nor did counsel for the defendant, either through cross-examination of the witness Tester or by argument, even suggest that the witness had any improper motive in testifying as he did. The Court gave full

instructions as to the credibility of witnesses and it can be assumed that this instruction was applied by the jury to the testimony of the witness Tester as well as to other witnesses. As to the contention relative to corroboration of the testimony of the witness Tester and the lack of instructions on that question, it is not difficult to find in the record substantial corroboration through circumstantial evidence which tended to connect the defendant with the commission of the crime charged as required by Section 66–13–59, A.C.L.A.1949.

It is my conclusion, therefore, that the court did not err in the matters complained of by the defendant. However, it is another matter as to whether a substantial question exists which should be submitted to the appellate court for determination. A substantial question within the provision of Rule 46(a)(2) has been construed as any question which is fairly debatable. D'Aquino v. U. S., 9 Cir., 180 F.2d 271. That interpretation is controlling here and has been followed in the Third Judicial Division of the District Court of Alaska. U. S. v. Barbeau, D.C., 92 F.Supp. 196. Attention might also be directed to the case of Nordgren v. U. S., supra, in which case, 181 F.2d at page 721, 722, there appears a footnote containing the following comment by the court: "Sec. 66–13–59, A.C.L.A.1949: We think it unnecessary to consider whether this territorial statute governs in a prosecution for violation of an act of Congress." In view of that language, it is a fairly debatable question as to what decision the Circuit Court of Appeals would render under the circumstances of this particular case. It might be stated further that the appellate court has not as yet been called upon to determine the question as to whether or not a thief under the circumstances of this case may be considered an accomplice of the receiver. It cannot be concluded, therefore, that a substantial question does not exist.

The motion is granted, and the defendant may be admitted to bail in the sum of $3,500.